Richard John STEELE
and
Texas Employer's Insurance Association

v.

WIEDEMANN MACHINE COMPANY.

Civ. A. No. 20851.

United States District Court
E. D. Pennsylvania.

Dec. 11, 1959.

See, also, 153 F.Supp. 633.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

LaBrum & Doak, Philadelphia, Pa., for plaintiff Texas Employer's Ins. Co.

Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is before the Court on plaintiff's motion for a new trial following a jury verdict in defendant's favor. The action arose out of an injury suffered by plaintiff on August 21, 1953 while operating a turret punch press in the course of his employment at the Emsco Manufacturing Company in Houston, Texas. The press was manufactured by the defendant. After suit was instituted in this Court on grounds of diversity, Title 28 U.S.C.A. § 1332, the employer's compensation carrier intervened as an additional plaintiff under provisions of the Texas Workmen's Compensation Act,

Vernon's Annotated Civil Statutes, art. 8306 et seq.

Plaintiff's motion for a new trial is based on three separate errors allegedly made by the Judge during the course of the trial. Only one of these has any merit. It involves the admission of a certain document (D–1), hereinafter described, over plaintiff's objection.

On the day of the accident which gave rise to this case a piece of the punch press which the plaintiff was operating broke off the machine and struck him in the eye. There was no evidence that the machine had been damaged or needed repair. Plaintiff himself was the sole witness to the accident. At the time of the accident he had no further explanation for it than the fact that it happened. There is no real dispute as to the known facts.

The main contention in plaintiff's case was that the defendant was negligent in the design and manufacture of the turret press, particularly with regard to the safety device which was incorporated into the machine and designed to prevent the press from operating when the die and punch were not properly aligned. This negligence, plaintiff argued, was the proximate cause of the resulting injury. Plaintiff also contended that liability could be predicated upon certain misleading instructions allegedly supplied by defendant with the machine. This contention does not appear to control the issue here.

During the course of the trial in order to substantiate his contention, plaintiff examined as an expert witness, a Mr. Chris A. Vogt. At plaintiff's request, he had examined and taken pictures of the identical machine involved more than four years after the accident. When plaintiff sought to display a blown-up copy of one of these pictures in conjunction with Mr. Vogt's testimony, the defendant objected on the grounds that plaintiff had failed to prove that there had been no substantial change in the condition of the machine between the time of the accident and the time the picture was taken, (N.T. 101). This objection was overruled by the Court on the grounds that the plaintiff was merely interested in illustrating the *design* of this model machine (in conjunction with his theory of faulty design) and was not attempting to establish the *condition* of the particular machine in question at the time of the accident.

Later in the trial defendant sought to introduce Exhibit D–1, a purchase order from the plaintiff's employer directed to the defendant and made approximately one month *after* the accident. The order was for a safety mechanism identical with the one designed for use on the machine in question. The plaintiff objected on the grounds that any such order made after the accident was improper and would prejudice his case. Plaintiff's objection was overruled, and Exhibit D–1 was admitted. Defense counsel later commented on Exhibit D–1 in his closing address.

Despite the fact that there is no case exactly on point with our problem here, the Court now feels that it erred in admitting Exhibit D–1, although the matter is not without substantial grounds for difference of opinion. See Wigmore on Evidence § 32 and Ex. 2 on p. 420, § 283; Am.Jur.—Evidence § 282. At the time the problem arose, the Court was influenced by the fact that all of Mr. Vogt's testimony was based upon an examination of the same machine involved in this accident some four years after the accident. In addition, testimony of employer's officers taken years after the accident disclosed complete lack of records pertaining to the machine; what parts, if any, had been replaced or what, if any, repairs had been made. The Court, therefore, felt that in this posture of the case all documentary evidence of dealings between seller (defendant) and plaintiff's employer should be disclosed. Upon reflection these facts do not now appear to the Court to control the immediate issue.

Furthermore, under the circumstances the error, if error, appears to be substantial, in that given evidence of Exhibit D–1 as relevant, the jury could have made any one of a number of inferences

which would be fatal to plaintiff's case. Thus, they may have inferred either that (1) a safety mechanism was not on the machine at the time of the accident, or (2) that the one which was on it was defective. Either fact might satisfactorily excuse the defendant from liability. Also the operation of such a machine without a safety mechanism could easily be found under the circumstances to constitute contributory negligence on plaintiff's part. Since the verdict was a general one, we do not know what reasoning process was used by the jury in reaching its verdict. Therefore, solely on the basis of what is now felt to have been an error in the admission of evidence, the Court feels constrained to grant a new trial.

■ A new trial is being granted solely upon the narrow legal issue that the Court erred in admitting the document in question. Such a ruling which is not otherwise appealable would seem to fall squarely within the provisions of Title 28 U.S.C.A. § 1292(b) covering interlocutory decisions.

The plaintiff is entitled to a new trial if, and only if, the Court erred in the admission of this document. There is, therefore, a controlling question of law as to which there is substantial ground for difference of opinion. If the Court of Appeals should make a determination that the admission of this document was not error that would be the end of the case and would materially advance the ultimate determination of the litigation and avoid the necessity of a long and expensive retrial. The Court will therefore certify in its order granting a new trial to this fact so that defendant, if it should so desire, may apply to the United States Court of Appeals for permission for appeal from the order under the provisions of the above section.

The Court, therefore, enters the following

### Order

And Now, to wit, this 11th day of December, 1959, for the reasons set forth in the foregoing Opinion, it is Ordered, Adjudged and Decreed that plaintiff's motion for a new trial be and it is hereby Granted.

Further, it is the opinion of the undersigned that this order involves a controlling question of law (Admission of Document D–1 described above) as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of this litigation; this certification being made pursuant to the provisions of Title 28 U.S. C.A. § 1292(b).